IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | NO. 3:13-cv-0722-O-BF |
| MICHAEL A. SALAKO and ALL OCCUPANTS, | § § § § | |
| Defendants. | § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this removed civil action to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. After reviewing the Notice of Removal and the state court papers, the Court *sua sponte* questioned whether removal is proper and granted Defendants an opportunity to establish facts necessary to demonstrate federal jurisdiction. Defendants responded to the Court's concerns and filed evidence in support of their jurisdictional claims. For the following reasons, the Court now recommends that the District Court REMAND this case to the Texas state court from which it was removed.

### Background

Plaintiff Federal National Mortgage Association ("FNMA") originally filed this forcible detainer action in Texas state court against Defendant Michael Salako and all other occupants of the real property located at 1009 Trailwood Drive in Desoto, Texas ("Trailwood Drive Property"). On February 13, 2013, Salako, proceeding *pro se*, removed the case to federal court on grounds of diversity jurisdiction. *See* Notice of Removal (Doc. 3). In particular, the Notice of Removal avers

that jurisdiction is proper on grounds of diversity because Defendants are citizens of the State of Texas, FNMA is a citizen of Washington, D.C., and "[t]he subject real property has a current fair market value of $239,690.00 according to the Dallas Central Appraisal District." *Id.* at 2, ¶ III(a)i & (b). After reviewing the removal notice, the Court *sua sponte* questioned whether the amount in controversy in the underlying eviction proceeding exceeds the jurisdictional minimum.[1] *See* Order, 2/19/13 (Doc. 4). The Court granted Defendants until March 5, 2013 to submit evidence to establish that the amount in controversy exceeds $75,000 and, thus, removal is proper. On March 1, 2013, In response, Plaintiff filed a brief and a copy of a Substitute Trustee's Deed showing that FNMA purchased the Trailwood Drive Property for $270,442.06 at a foreclosure sale on December 4, 2012. Def. Resp. (Doc. 5), Exh. A. The Court now determines that subject matter jurisdiction is lacking and remand is required.

## Legal Standards and Analysis

The Court has an independent duty examine the basis of its own subject matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A federal court's jurisdiction is limited; it may exercise original jurisdiction only when the case "arises under" federal law or is based upon complete diversity of citizenship among the parties and more than $75,000 is in controversy. *See* 28 U.S.C. §§ 1331, 1332; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defendant may remove a case from state court to federal district court if the federal court could exercise original jurisdiction over the matter. 28 U.S.C. § 1441. The removing party bears the

---

[1] The Court further observed that Defendants are citizens of Texas and that the "forum-defendant rule" precludes removal on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. 28 U.S.C. § 1441(b). Although removal of a case in violation of the forum-defendant rule renders the removal defective, *see In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009), such a defect is procedural in nature and must be raised by the plaintiff within thirty days of removal. *See* 28 U.S.C. § 1447(c); *In re 1994 Exxon Chemical Fire*, 558 F.3d at 393, 396. FNMA failed to timely file a motion to remand based on the apparent violation of the forum-defendant rule.

burden of establishing federal jurisdiction. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008). The removal statute must be strictly construed in favor of remand, and all doubts and ambiguities must be resolved against federal jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. §§ 1332(a), (b). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). The amount in controversy in an eviction proceeding, such as this one, is the value of the right to occupy or possess the property at issue. *See, e.g., Fed. Nat. Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *rec. adopted*, 2012 WL 4005760 (N.D. Tex. Sep. 11, 2012) (citing cases). Here, the record is wholly devoid of any evidence or argument to establish the value of the right to immediate possession or occupancy of the Trailwood Drive Property. The Substitute Trustee's Deed, which establishes that the Trailwood Drive Property was sold on December 4, 2012 for $270,442.06, is some evidence of the Property's market value. However, it is simply not evidence of the right to possess or occupy that Property for purposes of satisfying the amount in controversy requirement in this case. *Fed. Nat'l Mortg. Ass'n v. Fagnan*, No. 3:12-CV-5050-G-BN, 2013 WL 840811, at *2 (N.D. Tex. Feb. 11, 2013), *rec. adopted*, 2013 WL 864627 (N.D.Tex. Mar. 7, 2013) (evidence of property's market value is not evidence of value of right to possess property for purposes of establishing amount in controversy in removed eviction proceeding). Accordingly,

the Court determines that Defendants have failed to satisfy their burden to show that federal diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1).

## Recommendation

For the reasons stated herein, the Court lacks subject matter jurisdiction over this action. The Court should remand the action to County Court at Law No. 4, Dallas County, Texas, from which it was removed.

**SO ORDERED**, March 27, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).